UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
99-CR-51(13)(JMR/FLN)
01 CV-727(JMR)

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Edwin Earl Sumpter | ) | |
| | ) | |

Petitioner, Edwin Earl Sumpter, seeks relief under 28 U.S.C. § 2255, alleging he was denied due process when the government failed to notify him of his career offender status in a section 851 information; that the Court improperly classified him as a career offender; and that he received ineffective assistance of counsel.

Petitioner argues the government's failure to file a section 851 information regarding his career offender status resulted in a deprivation of due process. Petitioner is incorrect. A section 851 information is used when the government seeks to enhance a defendant's statutory penalties, including any applicable mandatory minimum, based on a prior felony drug conviction. See 21 U.S.C. § 851; see also United States v. Wallace, 895 F.2d 487, 490 (8th Cir. 1990); United States v. Mansell, 2001 U.S. App. LEXIS 18528 (8th Cir. Aug. 7, 2001). A section 851 information is unnecessary in this case, however, because the statutory penalties were not enhanced above 10 years to life. Petitioner's guideline range was above 20 years because he was a career offender -- not because the state sought a statutory enhancement. See Wallace, 895

FILED NOV 14 2001
RICHARD D. SLETTEN, CLERK
JUDGEMENT ENTERED ______
DEPUTY CLERK'S INITIALS ______

F.2d at 490. As petitioner's career offender status lengthened only the guideline range and not the statutory range, a section 851 information was unnecessary. In addition, the transcript from the guilty plea hearing makes clear petitioner had actual notice and understanding of his career offender status. T. Plea at 21. Finally, because petitioner's plea agreement states a minimum of three times that he was being classified as a career offender, he suffered no loss of due process from a lack of notice.

Petitioner further claims his trial counsel was ineffective in allowing him to sign a plea agreement that did not reflect his career offender status, in failing to object to the career offender adjustment in the Presentence Investigation Report, and in raising these issues on appeal. The United States Supreme Court, in Strickland v. Washington, 466 U.S. 668 (1984), established a two-pronged standard to be applied in evaluating a claim of ineffective assistance of counsel. Strickland requires a petitioner to establish that "counsel's representation fell below an objective standard of reasonableness," and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Id. at 688, 694. A court is to apply a deferential standard of review, presuming counsel's representation was competent, and the challenged decisions constitute strategic and tactical decisions. See Strickland, 466 U.S. at 689.

To show counsel was deficient, petitioner must show "counsel was not functioning as counsel guaranteed by the Constitution," and his lawyer's acts or omissions were not "the result of reasonable professional judgment." Strickland, 466 U.S. at 690.

Petitioner has not alleged any facts demonstrating prejudice or error from his attorney's decision not to object to his status as a career offender; petitioner clearly satisfied the requirements for career offender classification. Counsel was not required to make a futile motion or an objection unlikely to affect petitioner's sentence. See Auman v. United States, 67 F.3d 157, 162 (8th Cir. 1995).

A defendant is a career offender if: (1) he was at least 18 years old at the time he committed the instant offense of conviction; (2) the instant offense is a felony that is a either a crime of violence or a controlled substance offense; and (3) he has at least two prior felony convictions of either a crime of violence or a controlled substance offense. See U.S.S.G. § 4B1.1. Under this standard, petitioner qualified as a career offender. He was in his thirties at the time of the instant offense, see T. Plea at 4, and conspiracy to distribute cocaine and cocaine base is a controlled substance offense. See U.S.S.G. § 4B1.2. Petitioner's criminal history includes two prior felony convictions -- voluntary manslaughter, and selling/transporting cocaine and possession of narcotics for sale. See Sumpter P.S.R. ¶¶¶ 81, 82, 84, 85.

Therefore, counsel need not have objected to petitioner's status, as the argument was without merit.

The Court has also considered whether issuance of a Certificate of Appealability ("COA") is appropriate. See Tiedeman v. Benson, 122 F.3d 518 (8th Cir. 1997). In that context, the Court concludes that no issue raised is "debatable among reasonable jurists." Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994) (citing Lozado v. Deeds, 498 U.S. 430, 432 (1991) (per curiam)). Petitioner has not, therefore, made the "substantial showing of the denial of a constitutional right" necessary for issuance of a COA. 28 U.S.C. § 2253(c)(2).

Accordingly, based on the files, records, and proceedings herein, IT IS ORDERED that:

1. Petitioner's motion for relief pursuant to 28 U.S.C. § 2255 is denied.

2. No Certificate of Appealability will be issued in this case.

Dated: November 13, 2001

JAMES M. ROSENBAUM
United States Chief District Judge

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information must be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*